# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDER P. BOLGER )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | CASE NO. 1:09CR46<br>          1:16CV1620<br><br>JUDGE JOHN R. ADAMS<br><br><br><br>ORDER AND JUDGMENT ENTRY |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 30. The petition is DENIED.

The sole issue presented in the pending § 2255 motion is Petitioner's contention that he was sentenced under a statutory provision that he claims is similar to a statutory provision ruled unconstitutional by the Supreme Court. The Sixth Circuit has resolved this issue:

> Taylor's final argument is that the Supreme Court's decision in *Johnson v. United States*, ––– U.S. ––––, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), compels the conclusion that 18 U.S.C. § 924(c)(3)(B), the statute supporting two of Taylor's convictions, is unconstitutionally vague. Because § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson*, and because much of *Johnson*'s analysis does not apply to § 924(c)(3)(B), Taylor's argument in this regard is without merit

*United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016). Accordingly, this Court similarly rejects Petitioner's argument.

1

To the extent that Petitioner seeks to raise other arguments in which he claims error in his sentence, it is beyond dispute that any such claimed errors were not raised in a timely § 2255 petition and therefore cannot be raised herein.

**III. CONCLUSION**

For the foregoing reasons, Petitioner Alexander Bolger's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: April 14, 2017 /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**